UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------X
:
:
:
:
:
:   Civil Action No.:
:
BARRY COHEN,                              :
:   **COMPLAINT**
            Plaintiff                     :
         v.                               :
:   To remedy discrimination and retaliation on the basis of
:   Jewish Race/Ethnicity/Ancestry pursuant to 41 U.S.C.
GOOGLE, LLC.,                             :   Sec. 1981et. seq.
:
            Defendant.                    :
:   **Jury Trial Demanded**
:
:
:
--------------------------------------------------X

Plaintiff, Barry Cohen, by and through his undersigned attorneys, complaining of Defendant, Google, LLC. ("Google"), brings the instant action requesting judgment in his favor, and against Defendant, and in support thereof, alleges, upon information and belief, as follows:

## NATURE OF ACTION

1. Plaintiff, Barry Cohen, a Google account holder brings this lawsuit against Google, with whom he has been in contract, to remedy discriminatory conduct on the basis of race/ethnicity/ancestry and retaliation for complaining to Google for hateful speech posted on its site, in violation of Google's own terms of service.

## PARTIES

2. Plaintiff, Barry Cohen, is an adult individual, residing at 3164 Medinah Circle East, Lake Worth, Florida 33467. At all times material hereto, Plaintiff maintained an account with Google, and by extension a contract with Google. As a Google user, Plaintiff maintained a business account

and Google email account for his business websites. Plaintiff owns the domains to aircleaners.com and zeolite.com, which he has maintained since 1994, and through which he has owned and managed a business, Absolute: Air Cleaners, Air Purifiers, and Allergy Products since 1989. His Google email account is niceguy4yourbud@gmail.com and his websites are on the "Go Daddy" server.

3. Google is a corporation that, at all times relevant to the Complaint, was incorporated under the laws of the state of Delaware, with its principal place of business in Santa Clara County, California. Google is registered with the California Secretary of State for purposes of transacting business in California. Google services can be accessed around the world. Google is a worldwide platform that enables users to engage online with each other. On November 13, 2006, Google acquired YouTube and now maintains the operation of this platform. Google contracts with users in all 50 states, including Florida.

## JURISDICTION AND VENUE

4. The above paragraphs are incorporated herein by reference.

5. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue is proper in the Southern District of Florida, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district in Palm Beach County, Florida, where Plaintiff maintains his business.

## STATEMENT OF FACTS

7. The above paragraphs are incorporated herein by reference.

8. Upon information and belief, Google engaged in intentional discriminatory actions against Mr. Cohen as a Jew.

9. Mr. Cohen has operated a Google account for many years, including webpages since 1994 and an email account with Google during 2013.

10. Almost 5 years ago on November 25, 2013, a discriminatory and hateful comment was posted a discriminatory and hateful comment was posted as a review about Mr. Cohen's business.

11. The reviewer posted the following on a Google review page for Plaintiff's business:

"Barry Cohen is a rude and arrogant person.  Most unprofessional person I have ever spoken to actually.  I honestly cannot believe I'm the first person to give him a negative review, yet not surprised at all.  Terrible company and horrible prices.  Absolute Air Cleaners will advertise that something is on sale but when you call he knows nothing about it.  After holding his hand by directing him to his own website he says he can't honor the price … Not the way to run a business!  What a joke!  I will continue to review this company on every site I find until he changes his attitude and way.  TYPICAL "COHEN."

12. Plaintiff was alerted to the review on a Google directory by conducted a simple search for his own website and noticed the review.

13. Plaintiff immediately responded to the post regarding the poor review of products and customer service.  Plaintiff also responded that that he was "totally amazed that Google would allow [his] prejudiced antisemitic remarks in any section of their directory."

14. Plaintiff then complained to Google about the antisemitic nature of the post, but received no response.  Plaintiff first contacted Google by phone, but received no response about his concern.  At the time, no email was provided to contact Google with concerns.

15. Plaintiff consistently continued to contact Google over the next four years by phone, email, and other customer service means, as they became available.

16. Plaintiff appealed to customer relations about the account and received a response from one representative, by phone, that Google would consider the problem.  Yet, the post was not

removed. Plaintiff continued to appeal via phone and email. The antisemitic review is still accessible online by conducting a simple Google search.

17. Plaintiff continued to appeal, most recently on or about June 21, 2018, to Google services about the antisemitic nature of the post. Plaintiff wrote to Google that "the [s]entence statement "Typical Cohen" refers to my Jewish Religion in a negative hateful way and by your Google's own policy is should be removed as quickly as possible … I guarantee that whoever looked at this has no idea that this comment is indeed hate speech and I urge you to have a few Jewish employees read this themselves and you will then see that my request to remove this review that has been up now for years even after my requests and reason to remove it is valid."

18. Google's policy concerning hate speech is as follows: Google does not allow content that "promotes or condones violence against individuals or groups based on race or ethnic origin, religion, disability, gender, age, nationality, veteran status, or sexual orientation/gender identity, or whose primary purpose is inciting hatred on the basis of these core characteristics."

19. Google responded on or about June 22, 2018:

"Hi from Google My Business support, thank you for your question about a review associated with your business listing on Google. The review cannot be removed since it was not found to be in violation of our policies. We understand how important it is to receive testimonials and reviews from your customers, and how positive feedback can boost your business potential. Enforcing these guidelines helps maintain high quality information on Google and improves how customers interact with businesses online."

20. On or about April 2018, Google suspended Plaintiff's YouTube account. Plaintiff appealed the decision numerous times, including on July 5, 2018, and noted that the without access to his account, his business would be significantly damaged. Plaintiff also inquired as to the reason for the suspension. Plaintiff continued to email and call asking for the suspension to be lifted approximately 6-8 times.

21. On or about July 5, 2018, Google's YouTube team responded briefly: "we have decided to keep your account suspended based on our Community Guidelines and Terms of Service … Please do not respond to this email.  Replies to this email will not be processed.  Please refer to our Help Center for more information."

22. Plaintiff is prevented from posting business videos and answering questions in the YouTube comment section.  He is unable to answer questions from potential clients or interject information about the videos that have been posted.

23. On one occasion, Plaintiff called the Google My Business department to have the problem investigated.  A service provider said he could find no record as to why the account was suspended.

24. Plaintiff's account on YouTube continues to be suspended and the antisemitic review on Plaintiff's Business account continues to be present.  Google has neither taken actions to remove the antisemitic post and restore Plaintiff's access on YouTube, nor explained why the account was suspended in the first place.

## STATEMENT OF CLAIMS

### COUNT I.
### 42 U.S.C. SEC. 1981 DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS BASED UPON JEWISH ETHNICITY
### *Plaintiff v. Defendant Google, LLC.*

25. The above paragraphs are incorporated herein by reference.

26. The foregoing actions of Defendant violated Plaintiffs' rights pursuant to 42 USC Sec. 1981, which provides, in pertinent part, as follows:

§ 1981. Equal rights under the law
   (a) Statement of equal rights  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts.... as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and

exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law. Id. (emphasis added).

27. Google evidenced a settled intent to discriminate against Plaintiff by interfering with Plaintiff's rights to the performance and enjoyment of the benefits of his contract with Google and the maintenance of his Google account.

28. Google wrongfully targeted Plaintiff on the basis of his Jewish ancestry and ethnicity, on the basis of race, intentionally.

29. Google intentionally restricted the Plaintiff's contractual benefits based upon illicit discrimination.

30. The aforesaid conduct of Google was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

31. Google also retaliated against Plaintiffs for raising Complaints.

32. As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

## COUNT III.
### Retaliation

33. The above paragraphs are incorporated herein by reference.

34. Google retaliated against Plaintiff by suspending his YouTube account for raising complaints about the antisemitic posts.

35. The foregoing actions of Google were severe and pervasive and in violation of Google's own terms of service.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Google, and Order the following relief:

a. A declaratory judgment declaring that Google has illegally discriminated against Plaintiff;

b. Reinstatement of Plaintiff's accounts on Google provided services, such as YouTube;

c. Declaring the acts and practices complained of herein are in violation the 42 U.S.C. Sec. 1981;

d. Enjoining and permanently restraining the aforesaid violations;

e. An appropriate order directing and requiring the cessation of all acts of proscribed racial discrimination as required pursuant to 42 U.S.C. § 1981, including but not limited to a civil rights monitor or trustee, and for such further or additional relief as is appropriate in the interests of justice.

f. Payment of compensatory and punitive damages, to Plaintiff in an amount to be determined at trial; and,

g. An award of Plaintiff's attorneys' fees and costs of suit as provided by 42 U.S.C. Sec. 1981.

h. Such other relief as this honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

Respectfully submitted this __1st__ of November, 2018.

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite #601
Miami, FL 33130
Telephone (305) 529-1040
Email: richard@caldwell.legal
Yadira@caldwell.legal caldwelllaw@bellsouth.net

By:_____//S//Richard Caldwell_____
         Richard J. Caldwell
         Florida Bar No. 825654

MILDENBERG LAW FIRM
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiffs
(*pro hac vice* pending)

WEISBERG LAW
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
7 South Morton Ave
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs
(*pro hac vice* pending)