## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

```
-------------------------------------------------  X
                                                   :
                                                   :
                                                   :     Civil Action No.: 18-24591-DLG
                                                   :
BARRY COHEN,                                       :
                                                   :
              Plaintiff                            :
         v.                                        :     Jury Trial Demanded
                                                   :
GOOGLE, LLC.,                                      :
              Defendant.                           :
                                                   :
-------------------------------------------------X
```

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through his undersigned counsel, hereby incorporates his Memorandum of Law in Support of his Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as if set forth at length herein.

**WHEREFORE,** Plaintiff, by and through his undersigned counsel, respectfully requests this Honorable Court deny the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**WEISBERG LAW**


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

```
-------------------------------------------------  X
                                                   :
                                                   :
                                                   :   Civil Action No.: 18-24591-DLG
                                                   :
BARRY COHEN,                                       :
                                                   :
                    Plaintiff                      :
             v.                                    :   Jury Trial Demanded
                                                   :
GOOGLE, LLC.,                                      :
                    Defendant.                     :
                                                   :
-------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.    Operative Facts

Upon information and belief, Google engaged in intentional discriminatory actions against Mr. Cohen as a Jew.  (Plaintiff's First Amended Complaint (FAC), ¶ 8). Mr. Cohen has operated a Google account for many years, including webpages since 1994 and an email account with Google during 2013. (FAC ¶ 8).

Almost 5 years ago on November 25, 2013, a discriminatory and hateful comment was posted a discriminatory and hateful comment was posted as a review about Mr. Cohen's business. (FAC ¶ 10).

The reviewer posted the following on a Google review page for Plaintiff's business:

"Barry Cohen is a rude and arrogant person.  Most unprofessional person I have ever spoken to actually.  I honestly cannot believe I'm the first person to give him a negative review, yet not surprised at all.  Terrible company and horrible prices. Absolute Air Cleaners will advertise that something is on sale but when you call he knows nothing about it.  After holding his hand by directing him to his own website he says he can't honor the price … Not the way to run a business!  What a joke!  I

will continue to review this company on every site I find until he changes his attitude and way.  TYPICAL "COHEN." (FAC ¶ 11).

Plaintiff was alerted to the review on a Google directory by conducting a simple search for his own website and noticed the review. (FAC ¶ 12). Plaintiff immediately responded to the post regarding the poor review of products and customer service. Plaintiff also responded that that he was "totally amazed that Google would allow [his] prejudiced antisemitic remarks in any section of their directory."  (FAC ¶ 13).

Plaintiff then complained to Google about the antisemitic nature of the post but received no response.  Plaintiff first contacted Google by phone but received no response about his concern.  At the time, no email was provided to contact Google with concerns. (FAC ¶ 14).

Plaintiff consistently continued to contact Google over the next four years by phone, email, and other customer service means, as they became available.  (FAC ¶ 15).

Plaintiff appealed to customer relations about the account and received a response from one representative, by phone, that Google would consider the problem.  Yet, the post was not removed.  Plaintiff continued to appeal via phone and email.  The antisemitic review is still accessible online by conducting a simple Google search. (FAC ¶ 16).

Plaintiff continued to appeal, most recently on or about June 21, 2018, to Google services about the antisemitic nature of the post.  Plaintiff wrote to Google that "the [s]entence statement "Typical Cohen" refers to my Jewish Religion in a negative hateful way and by your Google's own policy is should be removed as quickly as possible … I guarantee that whoever looked at this has no idea that this comment is indeed hate speech and I urge you to have a few Jewish employees read this themselves and you will then see that my request to remove this review that has been up now for years even after my requests and reason to remove it is valid." (FAC ¶ 17).

Google's policy concerning hate speech is as follows: Google does not allow content that "promotes or condones violence against individuals or groups based on race or ethnic origin, religion, disability, gender, age, nationality, veteran status, or sexual orientation/gender identity, or whose primary purpose is inciting hatred on the basis of these core characteristics." (FAC ¶ 18).

Google responded on or about June 22, 2018:

> "Hi from Google My Business support, thank you for your question about a review associated with your business listing on Google. The review cannot be removed since it was not found to be in violation of our policies. We understand how important it is to receive testimonials and reviews from your customers, and how positive feedback can boost your business potential. Enforcing these guidelines helps maintain high quality information on Google and improves how customers interact with businesses online." (FAC ¶ 20).

## II.    Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. Vamper v. United Parcel Service, Inc., F.Supp.2d 1301 (U.D.FL 1998). "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.' " Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir .1986) (quoting Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir.1986).

III.    **Argument**

   A.    **Google is not immune under the CDA**

Google's liability does not flow from the third-party's comment. The CDA is not

applicable.

Plaintiff is solely arguing that Google enforces its policy against hate speech for some

races but not others (Plaintiff).

Google contends it cannot be held liable for its exercise of a publisher's traditional

editorial functions, including whether to withdraw content. Google argues that it has the sole

discretion to remove content. Google argues that it is not responsible to "police and censor every

page of the Internet." This misses the point.

Under Section 1981, Google is not entitled to apply its hate speech policy differently for

one class of people than another (discussed below). The CDA does not contemplate disparate

treatment nor immunize Defendant from this cause of action.

   B.    **Plaintiff has alleged facts that plausibly suggest Google's disparate treatment
          was motivated by Jewish religion/ethnicity**

Section 1981 provides that all persons "shall have the same right in every State and

Territory to make and enforce contracts ... as is enjoyed by white citizens. 42 U.S.C § 1981(a).

This includes equal rights in "the making, performance, modification, and termination of

contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual

relationship." 42 U.S.C § 1981(b).

To state a claim of race discrimination under Section 1981, a plaintiff must allege facts

establishing: (1) that he is a member of a racial minority; (2) that the defendant intended

to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the

activities enumerated in the statute. <u>Henley v. Turner Broadcasting System, Inc.</u> 267 F.Supp.3d 1341 (N.D. GA 2017).

While Google contends Plaintiff's claims are "bald legal conclusions," Plaintiff's factual allegations are very specific:

Plaintiff alleges that he: 1) is a member of a protected class (Jewish); 2) Plaintiff has a Google account; 3) Google has a clear policy against hate speech 4) Plaintiff reported an objectively offensive comment to Google; 5) Google strangely determined the comment was not offensive, which was inconsistent with its own policy; and, 6) Google would not remove the comment.

At this stage, these facts raise an inference of discrimination. <u>Hishon</u>, *supra*.

Google's policy concerning hate speech is as follows: Google does not allow content that "promotes or condones violence against individuals or groups based on race or ethnic origin, religion, disability, gender, age, nationality, veteran status, or sexual orientation/gender identity, or whose primary purpose is inciting hatred on the basis of these core characteristics." (FAC ¶ 18).

The comment at issue stated:

"Barry Cohen is a rude and arrogant person. Most unprofessional person I have ever spoken to actually. I honestly cannot believe I'm the first person to give him a negative review, yet not surprised at all. Terrible company and horrible prices. Absolute Air Cleaners will advertise that something is on sale but when you call he knows nothing about it. After holding his hand by directing him to his own website he says he can't honor the price ... Not the way to run a business! What a joke! I will continue to review this company on every site I find until he changes his attitude and way. TYPICAL "COHEN." (Complaint Paragraph 11).

No reasonable person would read the aforesaid comment and determine that it was not anti-Semitic.

Plaintiff complained to Google on June 21, 2018.

Google responded on or June 22, 2018:

"Hi from Google My Business support, thank you for your question about a review associated with your business listing on Google. The review cannot be removed since it was not found to be in violation of our policies. We understand how important it is to receive testimonials and reviews from your customers, and how positive feedback can boost your business potential. Enforcing these guidelines helps maintain high quality information on Google and improves how customers interact with businesses online." (Complaint Paragraph 20).

Google's response was not reasonable and objectively inconsistent with its own policies. The fact that Google did not consider the above comment to be hate speech, in and of itself, raises an inference that Google intended to discriminate.

The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little, *supra*.

### i.   **Plaintiff and Defendant are in contractual relationship**

Plaintiff alleges he has an account with Google. When a user creates an account with Google the user promises to abide by Google's user agreement in exchange for Google's services.  Put another way, the user promises to perform in exchange for consideration (Google's services).

The user agreement includes Google's hate speech policy. It is undisputed that Google has a hate speech policy.

Google argues that paragraph 18 of Plaintiff's complaint quotes its terms incompletely – but Google does not deny it has a hate speech policy – because it cannot.[1]

### ii.   **Plaintiff suffered contractual interference**

---

[1]     Defendant argues that Plaintiff conflates YouTube's policies with Google's policies. The YouTube allegations were regarding Plaintiff's claim for retaliation, which was withdrawn. Plaintiff's First Amended Complaint also references Google's hate speech policy. *See* FAC ¶ 18.

Google argues that Plaintiff was not denied a contractual benefit – false. Google's written policy does not allow hate speech. Google affords this protection/benefit to other classes of people but not to Plaintiff.

**C.    Plaintiff claim is not barred by the statute of limitations**

The statute of limitations for a section 1981 claim is four years. <u>Grimes</u> (cited by Defendant).  As discussed above, Plaintiff complained about the offensive comment for several years, including in 2018. The next day, Google responded that it reviewed the comment and determined the comment did not violate its policy. That occurrence gives rise to liability under section 1981. Plaintiff is within the statute of limitations.

**WHEREFORE,** Plaintiff, by and through his undersigned counsel, respectfully requests this Honorable Court deny the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

```
------------------------------------------------  X
                                                  :
                                                  :
                                                  :   Civil Action No.: 18-24591-DLG
                                                  :
BARRY COHEN,                                       :
                                                  :
                Plaintiff                          :
             v.                                   :   Jury Trial Demanded
                                                  :
GOOGLE, LLC.,                                      :
                Defendant.                         :
                                                  :
------------------------------------------------X
```

**CERTIFICATE OF SERVICE**

I, Richard J. Caldwell, Esquire, hereby certify that on this 7th day of May 2019, a true and correct copy of the foregoing Plaintiff's response in opposition to Defendant's motion to dismiss was filed via the CM/ECF filing system, and will be served upon the following parties by the Clerk:

Avi Benayoun, Esq.
John Luger McManus, Esq.
Greenberg Traurig
401 E. Las Olas Blvd.
Suite 2000
Fort Lauderdale, FL 33301

                                        **LAW OFFICE OF RICHARD J.**
                                        **CALDWELL, PA**
                                        /s/ Richard J. Caldwell
                                        Richard J. Caldwell, Esquire
                                        Florida Bar No.: 825654
                                        Law Office Richard J.
                                        Caldwell, P.A.
                                        66 W. Flagler Street,  Suite 601
                                        Miami, FL 33130-1807
                                        caldwelllaw@bellsouth.net